IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD BRAND, CHARITY MEDINA,
SARAH MEDINA, AND STEVEN POLANCO,

        Plaintiffs,

vs.                              No. CIV 03-0191 RB/LCS

TOWN OF SILVER CITY, MAYOR TERRY
FORTENBERRY, in his official and individual
capacity, MANAGER TOM BATES, in his official
and individual capacity, COUNCILORS RALPH
DOMINGUEZ, ELIZABETH GARY, GARY
CLAUSS, PETER RUSSELL, in their official and
individual capacities, POLICE CHIEF HENRY
CHAVEZ, in his official and individual capacity,
Police Officers JESSICA SALIAZ, ANTHONY
ARREDONDO, RICHARD RYAN, JOE ACOSTA,
BOBBY RUIZ, DANIEL BARDE, SAM
RODRIGUEZ, BRAD HAWKE, AND VARIOUS
OTHER JOHN DOES EMPLOYED BY SILVER
CITY, TOWN OF HURLEY, MAYOR DAVID
DIAZ, in his official and individual capacity,
COUNCILORS RAY BACA, TIMOTHY
LARSON, AND RUBEN MORENO, in their
official and individual capacities, POLICE
OFFICER DYKE SULLINS, in his official and
individual capacity, COUNTY OF GRANT,
COUNTY COMMISSIONERS MANUEL
SERNA, HENRY TORRES, AND DAVID
CONWAY,  in their official and individual
capacities, SHERIFFS STEVE REESE, RUBEN
PORTILLO, AND STEVE CHAVEZ, in their
official and individual capacities,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** came before the Court on Silver City and Hurley Defendants' Motion to

Dismiss Counts VI and VIII (Doc. 17), filed August 26, 2003; Silver City and Hurley Defendants'

Motion to Dismiss Malicious Prosecution Claims (Doc. 19), filed August 26, 2003; Silver City and Hurley Defendants' Motion to Dismiss Defendants Fortenberry, Bates, Dominguez, Gary, Clauss, Russell, Chavez, Diaz, Baca, Larson, and Moreno (Doc. 21), filed August 26, 2003; Silver City and Hurley Defendants' Motion to Dismiss Defendants Acosta and Arredondo (Doc. 23), filed August 26, 2003; Grant County Defendants' Motion to Dismiss Defendants Serna, Torres, Conway and Chavez (Doc. 46), filed September 11, 2003; and Grant County Defendants' Motion to Dismiss Defendants Scholl and Reese (Doc. 49), filed September 29, 2003.  Jurisdiction is founded upon 28 U.S.C § 1331.  Having reviewed the submissions of the parties and the relevant law, the Court finds that these motions should be granted in part and denied in part.

**I.      Background.**

Plaintiffs allege that Defendants participated in a scheme to retaliate, harass, and intimidate them over a period of eighteen months in violation of the First, Fourth, and Fourteenth Amendments to United States Constitution; and Article 2, §10 of the New Mexico Constitution.  Plaintiffs allege supplemental tort claims for assault and battery, false imprisonment, malicious abuse of process, and supervisory liability against Grant County, Silver City and the Town of Hurley.  Jurisdiction arises under 28 U.S.C. §§1331 and 1367.

On August 13, 2000, the family of Plaintiffs Charity and Sarah Medina helped non-party Diana Galindo file a tort claim notice against Defendants Silver City, Grant County, Acosta, Rodriguez, and Portillo for an incident that became the subject of the case styled *Galindo v. Silver City, et al.*, and numbered CIV 02-0476 KBM/JHG, United States District Court for the District of New Mexico.  (Compl. ¶ 24.)  Defendants Acosta, Barde, Saliaz, Ruiz, Sullins, and Portillo were personally involved in the Galindo incident.  (*Id.*)  Shortly after Galindo filed her tort claims notice,

Barde told Plaintiff Sarah Medina that he knew Sarah Medina's father was helping Galindo to sue them. (Compl. ¶ 25.) About four days after the tort claims notice was filed, Barde issued a parking ticket to Charity Medina. (Compl. ¶ 26.) On August 29, 2000, Charity Medina wrote a letter to Defendant Ruiz asking if the parking ticket was issued in retaliation for the tort claims notice. (Compl. ¶ 27.)

On September 27, 2000, Charity Medina caused a subpoena to be issued to Barde requiring his appearance in municipal court. (Compl. ¶ 28.) On October 27, 2000, Ricardo Medina, the father of Sarah and Charity Medina, submitted a "Complaint Against Officers Aaron Holmes and Richard Ryan." (Compl. ¶ 29.) On January 26, 2001, Mr. Medina faxed an "Amended Notice of Tort Claim" to Mary Torres, counsel for the Silver City Defendants, complaining of continued infliction of emotional distress on him and his family. (Compl. ¶ 30.)

On February 8, 2001, Plaintiffs attended a concert at Western New Mexico University. (Compl. ¶ 31.) During the concert, Defendant Acosta pointed a lit flashlight directly at Plaintiffs. (Compl. ¶ 32.) Defendants Sullins, Portillo, and Saliaz insisted that Plaintiffs remain seated during the concert. (Compl. ¶ 33.) Sullins and Portillo seized Charity Medina, and slammed her face down into concrete steps while holding her arms behind her back. (Compl. ¶ 35.) They placed their knees on her back, causing physical injury. (Compl. ¶¶ 37-38.)

Sarah Medina, Steven Polanco, and Edward Brand followed Portillo, Sullins, and Saliaz to insure that they did not further injure Charity Medina. (Compl. ¶ 40.) As Brand walked by Saliaz, she jumped on his back and placed him in a choke hold, causing him to fall and injure his wrist on the concrete steps. (Compl. ¶¶ 41-43.) Brand told Saliaz that his wrist was injured, but she continued to apply unnecessary and abusive force. (Compl. ¶ 45.) The increased force caused major injuries

to his wrist that may require surgery. (Compl. ¶ 51.) Saliaz told Sullins that Brand had jumped on Sullins' back. (Compl. ¶ 46.) Sullins took Brand into custody and charged him with battery on a police officer while performing his duties, a fourth degree felony. (Compl. ¶ 47.) Brand spent over four hours in jail. (Compl. ¶ 90.) Saliaz, Sullins, and Portillo lied under oath at Brand's criminal trial to cover up their misconduct. (Compl. ¶ 58.)

On March 11, 2001, counsel for Plaintiffs faxed a letter to Assistant District Attorney Marylynn Newell, informing her that the police department defendants were following Plaintiffs. (Compl. ¶ 61.) At 3:30 a.m. on March 14, 2001, Defendants Rodriguez and Hawke illegally entered the residence of Brand and a non-party named A.J. Tow with weapons drawn. (Compl. ¶¶ 62; 65.) Rodriguez and Hawke shined flashlights in Tow's eyes, interrogated him, and filed false reports. (Compl. ¶ 65.) This incident occurred seven days before Brand's preliminary hearing on the February 8, 2001 charge. (Compl. ¶ 63.)

On April 26, 2001, Plaintiffs filed tort claims notices concerning the February 8, 2001 concert incident. (Compl. ¶ 69.) Defendants escalated their retaliation and harassment by telling gang members that Plaintiffs had filed criminal complaints. (Compl. ¶ 70.) On May 8, 2001, Brand called central dispatch at the Silver City Police Department in order to file a complaint against non-party Omar Hernandez because Hernandez had attempted to run Brand over with his vehicle. (Compl. ¶ 71.) Brand waited twenty minutes before Defendant Rodriguez arrived. (Compl. ¶ 72.)

At 3:30 a.m. on March 14, 2001, Defendant Portillo stopped Plaintiff Polanco, but issued no citations or charges against Polanco. (Compl. ¶ 73.) On May 19, 2001, Defendant Arredondo nearly ran over seven-year-old Ricardo Medina, Jr. with his police car. (Compl. ¶ 74.) Letters about this incident were forwarded to Silver City officials and Mary Torres, counsel for Silver City. (*Id.*)

On May 30, 2001, Ms. Torres advised Plaintiffs' counsel that Silver City had instituted a policy that Plaintiffs were no longer permitted to speak to town officials, that if Plaintiffs attempted to speak with town officials, the officials would not respond to them directly, and that if Plaintiffs submitted letters to town officials, the letters would be returned unopened. (Compl. ¶ 76.) Silver City officials have refused to respond to Plaintiffs' requests for dispatch tapes and incident reports. (Compl. ¶¶ 77-81.)

Plaintiffs Polanco and Sarah Medina were forced to hire an attorney to apply for a business license. (Compl. ¶ 82.)

Between February 8, 2001 and September 2001, Plaintiffs were forced to participate in Brand's criminal trial concerning the February 8, 2001 incident. (Compl. ¶ 82.) Brand was found not guilty. (Compl. ¶ 83.) On June 13, 2002, Hawke filed false criminal charges against Brand. (Compl. ¶ 84.)

Plaintiffs allege §1983 and §1985 claims for deprivation of substantive due process (Count I); false arrest (Count II); excessive force (Count III); malicious prosecution (Count IV); equal protection (Count V); conspiracy to deprive them of civil rights (Count VI); "deliberate indifference to a climate of lawlessness"(Count VII); and retaliation for exercise of First Amendment rights (Count VIII). They allege state law claims for assault and battery (Count IX); false imprisonment (Count X); malicious abuse of process (Count XI); and supervisory liability for the state claims under a theory of respondeat superior (Count XII). They request compensatory and punitive damages as well as attorney fees and costs pursuant to §1988.

**II.     Standard.**

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior*, 163 F.3d 1150, 1152 (10th Cir. 1998).

**III.   Discussion.**

   **A.   Whether the conspiracy claims should be dismissed for failure to state a claim.**

In Count VI, Plaintiffs allege conspiracy to violate federal constitutional rights under 42 U.S.C. §§ 1983 and 1985. (Compl. ¶115. ) In Count VIII, Plaintiffs allege First Amendment retaliation and conspiracy pursuant to 42 U.S.C. §§ 1983; 1985, and 28 U.S.C. §1343.[1] (Compl. ¶ 126).

Conspiracy allegations may form the basis of a 42 U.S.C. § 1983 claim, but such claims are subject to a heightened pleading standard. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). The Tenth Circuit has continued to apply this heightened pleading requirement for §1983 conspiracy claims even after *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993), where the Supreme Court declined to apply a heightened pleading standard to § 1983 claims against municipalities. *Scott v. Hern*, 216 F.3d 897,

---

[1] Section 1343 confers jurisdiction to the district court over civil actions to redress deprivations of civil rights or elective franchise. *See* 28 U.S.C. §1343. It does not provide a separate, substantive cause of action.

6

907 (10th Cir. 2000) (citing *Tonkovich*, 159 F.3d at 533).

"In order to plead a conspiracy claim, '[a] plaintiff must allege, either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants.'" *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004) (quoting *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994)). Mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. *Scott*, 216 F.3d at 907. In addition to proving an agreement, a plaintiff also must prove an actual deprivation of a right secured by the Constitution or laws of the United States. *Dixon v. City of Lawton, Okla.*, 898 F.2d 1443, 1449 (10th Cir. 1990).

The Complaint contains no allegations of an agreement and only conclusory allegations of a conspiracy. These are insufficient to state a claim for relief. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (dismissing § 1983 claim against attorneys on the ground that the conspiracy allegation was conclusory and unsupported by facts). Because Plaintiffs have failed to allege facts that would indicate a meeting of the minds between Defendants, they have failed to state a conspiracy claim under § 1983.

Similarly, § 1985 does not provide a vehicle for Plaintiffs' conspiracy allegations. The Complaint does not specify which of the three subsections of § 1985 Defendants are alleged to have violated. *See* 42 U.S.C. § 1985(1)-(3). Plaintiffs cannot state a claim under § 1985(1) because by its express language, this subsection applies only to an officer of the United States, or any person from accepting or holding any office, trust, or place of confidence under the United States. *See* 42 U.S.C. § 1985(1). Plaintiffs have not alleged that they belong in either category. Section 1985(2) concerns obstruction of justice in a federal court. *See* 42 U.S.C. § 1985(2); *Portman v. County of*

7

*Santa Clara*, 995 F.2d 898, 900 (9th Cir. 1993). None of the allegations involve a federal court proceeding. Section 1985(3) entails a conspiracy based on a racial or class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiffs have not alleged membership in such a class. Plaintiff's conspiracy claims are not cognizable under § 1985 or § 1983. The motion to dismiss should be granted as to Count VI and as to the conspiracy allegations contained in Count VIII.

      **B.**    **Whether the malicious prosecution and malicious abuse of process allegations should be dismissed for failure to state a claim.**

As a preliminary matter, Plaintiffs contend that a transcript of the state court preliminary hearing may not be considered in deciding the defendants' motions to dismiss. *See* FED. R. CIV. P. 12(b). This argument is not well-taken. The district court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). A court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." FED. R. EVID. 201(b). Facts are not subject to reasonable dispute if they are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b)(2). The finding of probable cause contained in the transcript of the preliminary hearing qualifies as a fact suitable for judicial notice because its accuracy cannot be reasonably questioned. The court may consider the transcript without converting the motion to dismiss to a motion for summary judgment.

Plaintiffs assert a §1983 malicious prosecution and a state law malicious abuse of process claim in Counts IV and XI respectively. (Compl.¶¶ 106-108; 139-141.) A malicious prosecution

claim is cognizable under § 1983. *Taylor v. Meacham*, 82 F.3d 1556, 1560 (10th Cir. 1996). The analysis of a § 1983 malicious prosecution claim looks to state law for a starting point, but proceeds to the ultimate question of whether the plaintiff has proven a Fourth Amendment Violation. *Pierce v. Gilchrist*, ____ F.3d ____, ___, 2004 WL 377660 (10th Cir. Mar. 2, 2004); *Taylor*, 82 F.3d at 1561.

Lack of probable cause is an essential element of the tort of malicious prosecution in New Mexico. *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996); *Zamora v. Creamland Dairies, Inc.*, 106 N.M. 628, 632, 747 P.2d 923, 927 (Ct. App. 1987). However, *Pierce* teaches that "federal courts fashioning constitutional analogues to traditional common law torts should refer to the general common law tradition, rather than to the law as defined by the jurisdiction where the action originated." *Pierce,* ____ F.3d at ____. While a finding of probable cause generally vitiates a malicious prosecution claim, Fourth Amendment is violated if police knowingly or with reckless disregard include false statements in materials that form the basis for a probable cause determination. *Franks v. Delaware*, 438 U. S. 154, 155-56 (1978); *United States v. Kennedy*, 131 F.3d 1371, 1377 (10th Cir. 1997); *Taylor*, 82 F.3d at 1562.

In this case, a state magistrate judge found probable cause to bind Brand over for trial on the charge of battery on a police officer. (Tr. of Prelim. Hr'g Attached to Defs.' Mot. to Dismiss Malicious Prosecution Claims.) Although Plaintiffs state in their response that Defendants testified falsely and exerted undue influence at the preliminary hearing, the Complaint contains no such allegation. In the absence of an allegation that police officers testified falsely at the preliminary hearing, an independent finding of probable cause vitiates a claim of malicious prosecution. *Taylor*, 82 F.3d at 1564. Even conclusory allegations of perjury or undue influence are insufficient to

9

withstand a motion to dismiss. *See Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001). Here, the Complaint contains no allegations that the officers committed perjury at the preliminary hearing. Accepting all well-pleaded allegations of the Complaint as true, and construing them in the light most favorable to Plaintiffs leads to the conclusion that Plaintiffs have failed to allege sufficient facts to support their malicious prosecution claim under §1983. Because Plaintiffs have failed to state a §1983 claim for malicious prosecution, the motion to dismiss should be granted as to Count IV.

The New Mexico Supreme Court has combined the torts of abuse of process and malicious prosecution into the tort of malicious abuse of process. *DeVaney v. Thriftway Marketing Corp.*, 124 N.M. 512, 518, 953 P.2d 277, 283 (1997). One of the elements of malicious abuse of process is "an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim." *Id*. This is analogous to the institution of proceedings without probable cause. *Id*. Because the magistrate judge ruled that there was probable cause to bind over Brand for trial, Plaintiffs have failed to state a claim for malicious abuse of process. Accepting all well-pleaded allegations of the Complaint as true, and construing them in the light most favorable to Plaintiffs leads to the conclusion that Plaintiffs have failed to allege sufficient facts to support their malicious abuse of process claim under state law. The motion to dismiss should be granted as to Count XI.

    **C.**  **Whether the claims against Defendants Fortenberry, Bates, Dominguez, Gary, Clauss, Russell, Chavez, Diaz, Baca, Larson, and Moreno should be dismissed.**

Plaintiffs name Silver City officials Fortenberry, Bates, Dominguez, Gary, Clauss, Russell, Chavez, and Hurley officials Diaz, Baca, Larson, and Moreno in the caption of the Complaint, but allege no facts implicating these Defendants in the alleged constitutional, tort, and supervisory

violations. When a defendant is sued in his individual capacity under §1983, the complaint must allege facts that show the defendant personally participated in the alleged violation. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). A supervisor cannot be held liable for his employees' actions based solely on his supervisory position. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). There must be some affirmative link between the alleged deprivation and the supervisor's control or failure to supervise. *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988).

Plaintiffs have failed to allege any facts that showed personal participation on the part of defendants Fortenberry, Bates, Dominguez, Gary, Clauss, Russell, Chavez, Diaz, Baca, Larson, and Moreno. Accepting all well-pleaded allegations of the Complaint as true, and construing them in the light most favorable to Plaintiffs, leads to the conclusion that Plaintiffs failed to allege sufficient facts to support individual capacity claims against these Defendants.

Plaintiffs allege official capacity claims against Fortenberry, Bates, Dominguez, Gary, Clauss, Russell, Chavez, Diaz, Baca, Larson, and Moreno. An action filed against a state official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Will v. Michigan Dep't of State Police*, 498 U. S. 58, 71 (1989) (state official acting in his or her official capacity is viewed to be the same as the state itself and is not considered a person whose actions can give rise to a cause of action under § 1983). Because Plaintiffs also named Silver City and the Town of Hurley as Defendants, the claims against the individual municipal officials in their official capacities are subsumed in the claims against the municipalities. The official capacity claims against these Defendants should be dismissed.

**D.      Whether the claims against Defendants Acosta and Arredondo should be dismissed.**

A showing that each defendant's personal participation caused the deprivation of a federal

11

right is essential to a § 1983 action. *Graham*, 473 U.S. at 166; *Bennett*, 545 F.2d at 1262-63. The only allegations against Acosta are that he pointed a lit flashlight at Plaintiffs during the concert and that he participated in a scheme to cover up misconduct. (Compl. ¶¶ 32 and 48.) Plaintiffs advance no factual allegations concerning such a scheme and only conclusory allegations of a conspiracy. Mere conclusory allegations with no supporting factual averments are insufficient to plead a conspiracy to cover up misconduct. *Scott*, 216 F.3d at 907. The Compliant fails to state a conspiracy claim against Acosta because it contains no specific allegations tending to show agreement and concerted action. *Id*.

The only allegations against Arredondo are that he nearly ran over Ricardo Medina, Jr. and that Arredondo's reckless driving caused the boy to jump out of the way and fear for his life. Ricardo Medina, Jr. is not a party to this action. Moreover, allegations of negligence do not implicate the constitution. *Roe ex rel. Roe v. Keady*, 329 F.3d 1188, 1191-92 (10th Cir. 2003). Even when accepted as true and construed in the light most favorable to Plaintiffs, the facts alleged against Acosta and Arredondo do not rise to the level of a constitutional violation, plead a conspiracy, or come within the state tort claims. The claims against these Defendants should be dismissed.

### E. Whether the claims against Defendants Serna, Torres, Conway, and Steve Chavez should be dismissed.

Plaintiffs failed to respond to this motion. The Local Rules provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. *See* D. N. M. LR-Civ. 7.5 (b). Pursuant to Local Rule 7.5 (b), Plaintiffs consented to the motion by failing to file a response in opposition. Accordingly, the motion should be granted pursuant to Local Rule 7.5(b). Alternatively, this motion should be granted because the Complaint alleges no facts indicating

personal participation or failure to supervise. *Bennett*, 545 F.2d at 1262-63; *Meade*, 841 F.2d at 1527; *Graham*, 473 U.S. at 165.

### F. Whether the claims against Defendants Conway, Scholl, and Reese should be granted.

This motion should be granted because Plaintiffs failed to respond. *See* D. N. M. LR-Civ. 7.5 (b). In the alternative, it may be granted because Plaintiffs failed to timely execute service on these Defendants. Rule 4 provides that, if service is not made within 120 days after the filing of the complaint, the court shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. *See* FED. R. CIV. P. 4 (m). More than 120 days have elapsed since the filing of the Complaint. On July 31, 2003, the Honorable Lourdes A. Martinez, United States Magistrate Judge, notified Plaintiffs that the Compliant could be dismissed without prejudice as to any Defendant who was not served within twenty days. (Doc. 16.) More than twenty days have elapsed since Judge Martinez issued the notice. The record indicates that Conway, Scholl, and Reese have not been served. Under these circumstances, the claims against Conway, Scholl, and Reese should be dismissed without prejudice pursuant to Rule 4.

### IV. Conclusion.

Counts IV, VI and XI should be dismissed for failure to state a claim. Count VIII should be dismissed for failure to state a claim to the extent that it alleges a conspiracy claim. Defendants Fortenberry, Bates, Dominguez, Gary, Clauss, Russell, Chavez, Diaz, Baca, Larson, Moreno, Acosta, Arredondo, Serna, Torres, Conway, and Steve Chavez should be dismissed from this action because the Complaint fails to state a claim against them. The claims against Scholl and Reese should be dismissed without prejudice.

13

**WHEREFORE,**

**IT IS ORDERED** that Silver City and Hurley Defendants' Motion to Dismiss Counts VI and VIII (Doc. 17), filed August 26, 2003, is **GRANTED AS TO COUNT VI AND AS TO THE CONSPIRACY ALLEGATIONS CONTAINED IN COUNT VIII.**

**IT IS FURTHER ORDERED** that Silver City and Hurley Defendants' Motion to Dismiss Malicious Prosecution Claims (Doc. 19), filed August 26, 2003; Silver City and Hurley Defendants' Motion to Dismiss Defendants Fortenberry, Bates, Dominguez, Gary, Clauss, Russell, Chavez, Diaz, Baca, Larson, and Moreno (Doc. 21), filed August 26, 2003; Silver City and Hurley Defendants' Motion to Dismiss Defendants Acosta and Arredondo (Doc. 23), filed August 26, 2003; Grant County Defendants' Motion to Dismiss Defendants Serna, Torres, Conway and Chavez (Doc. 46), filed September 11, 2003; and Grant County Defendants' Motion to Dismiss Defendants Scholl and Reese (Doc. 49), filed September 29, 2003, are **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**